IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GAGE McCLELLAN LINT,<br><br>                        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                        Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Case No. 2:24-CV-185 TS<br>Criminal Case No. 2:21-CR-453 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I. BACKGROUND

Petitioner was charged with being a felon in possession of a firearm on October 27, 2021. Petitioner pleaded guilty on March 28, 2022. Petitioner was sentenced on July 20, 2022, and Judgment was entered on July 21, 2022. Petitioner signed the instant Motion on February 28, 2024.

II. DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1] 28 U.S.C. § 2255(f) provides,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;

---

[1] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (citation omitted).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

Judgment was entered in this case on July 21, 2022. Petitioner did not file a direct appeal. Petitioner's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired on August 4, 2022.[3] As a result, Petitioner was required to submit his petition by August 4, 2023, for it to be considered timely under this provision. Petitioner did not submit his Motion until February 28, 2024, making Petitioner's Motion untimely.

Petitioner makes no argument that his Motion is timely under the other provisions of § 2255(f). However, to the extent that Petitioner argues that the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*[4] recognized a newly created right, the Tenth Circuit has rejected this position.[5] Moreover, *Bruen* was decided prior to Petitioner's sentencing date. Therefore, it could not have established a newly recognized right after his sentencing. Finally, the Tenth Circuit has rejected the claim that *Bruen* and other cases have invalidated

---

[2] 28 U.S.C. § 2255(f).

[3] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A) (providing for fourteen-day appeal period in criminal cases).

[4] 597 U.S. 1 (2022).

[5] *United States v. Barragan-Gutierrez*, 136 F.4th 998, 1002–05 (10th Cir. 2025).

Defendant's statute of conviction, 18 U.S.C. § 922(g)(1).[6] Based upon this, the Court finds that it is barred by the statute of limitations and fails on the merits.

The one-year statute of limitations is subject to equitable tolling in "rare and exceptional circumstances."[7] "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[8] "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."[9]

Petitioner provides no argument or evidence that could lead the Court to conclude that equitable tolling is appropriate here. Therefore, the Court will dismiss the Motion.

### III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:24-CV-185 TS) is DENIED and DISMISSED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

---

[6] *See Vincent v. Bondi*, 127 F.4th 1263, 1265–66 (10th Cir. 2025).

[7] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted).

[8] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted).

[9] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted).

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 29th day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge